UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL APPELLO, JR., | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:12-cv-06928 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Appeal of Michael Appello, Jr. ("Plaintiff") from the final decision of the Commissioner of Social Security (the "Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.

After reviewing the submissions of both parties, for the following reasons, the decision of the Commissioner is **remanded**.

I. **BACKGROUND**[1]

A. **Procedural History**

On August 28, 2009, Plaintiff filed an application for SSI. Plaintiff's claim was denied

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers and the transcript of the record.

1

on November 5, 2009. Plaintiff then had a hearing before Administrative Law Judge Richard L. De Steno ("the ALJ"). On May 13, 2011, the ALJ issued an opinion denying Plaintiff's application. On September 14, 2012, the Appeals Council denied Plaintiff's request for review. Plaintiff then commenced the instant action before this Court.

### B. Factual History

#### 1) Testimony of Plaintiff

Plaintiff is fifty-one years old. Plaintiff testified that he has not worked in the past to any significant degree and that he has coronary artery disease with past bypass surgery. He was diagnosed with diabetes about four years ago. He gets chest pain "all the time," but his doctor told him that this is normal. He also gets pain in both arms and "a lot of pain" in his hands. This has been happening for four or five years. He gets tired every day and can only sit for about an hour. After an hour he becomes tired and gets pains in his chest and needs to lay down. He lies down about five or six times per day. He can walk for about ten minutes and can lift and carry about five pounds. He stays with his mother for part of the week and with friends for the rest of the week. He does not assist with cooking, cleaning, or laundry. Sometimes he will accompany someone on a shopping trip, but he does not lift anything or push the cart.

Plaintiff does not do much during the day. He watches television and sometimes goes to The Fraternal Order of Eagles, a club near his house. He is a trustee of this organization but says that he does not have any responsibilities. Plaintiff lost his driver's license in 1992 after receiving a charge for driving while intoxicated. He stopped drinking about four or five years ago. His mother helps pay for his medical expenses. He takes nitro for chest pains three or four times a day on most days of the week.

## 2) Medical History

Dr. Edwin Blumberg treated Plaintiff from March 31, 2006 through October 10, 2009. In a September 30, 2009 report, Dr. Blumberg diagnosed Plaintiff with s/p CABG, hypertension, and non-insulin dependent diabetes mellitus. A July 2007 chest x-ray that was reflected in this report was within normal limits. Dr. Blumberg stated that Plaintiff could lift and carry up to twenty pounds and sit and/or walk for up to six hours. Further, he found that Plaintiff was limited to pushing and pulling no more than twenty pounds. He did not find that Plaintiff had any limitations with respect to sitting. Finally, he stated that traveling was not advised.

In a January 2010 Residual Functional Capacity ("RFC") Questionnaire, Dr. Blumberg reported that Plaintiff could lift and carry less than ten pounds frequently and twenty pounds occasionally. He also reported that Plaintiff could sit for ten minutes at a time and stand or walk for five minutes at a time. Finally, he reported that Plaintiff could sit for eight hours in an eight-hour work day and stand or walk for four hours in an eight-hour work day.

A report reflects that on June 14, 2010, Plaintiff reported to Dr. Blumberg that he was experiencing chest pain. Plaintiff was diagnosed with coronary artery disease, a history of coronary artery bypass graft surgery, chronic stable angina, and diabetes. Stress testing was also scheduled. A stress test was conducted on July 1, 2010, which was normal as compared to a September 2007 study, and showed that Plaintiff's prior ischemia was no longer present.

On July 23, 2010, Dr. Blumberg filled out a second RFC Questionnaire. He reported that Plaintiff could lift twenty pounds occasionally and ten pounds frequently. He also reported that Plaintiff could sit for six hours in an eight-hour work day and stand or walk for two hours in an eight-hour work day.

Office visit records from Dr. Blumberg dated November 30, 2010 indicated that Plaintiff's impairments were stable. Additional reports indicated that he gets chest pain when he walks in cold weather but that the pain goes away in about ten minutes if he sits down and in about five minutes if he remains standing.

In April 2011, Dr. Blumberg filled out a third RFC Questionnaire. He reported that Plaintiff could lift and carry ten pounds occasionally and that he could never carry twenty pounds. He also reported that Plaintiff cold sit for two hours in an eight-hour work day and stand or walk for one hour in an eight-hour work day.

## II. **STANDARD OF REVIEW**

A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla . . . but may be less than a preponderance." Woody v. Sec'y of Health & Human Servs, 859 F.2d 1156, 1159 (3d Cir. 1988). It "does not mean a large or considerable amount of evidence, but rather such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted). Not all evidence is considered "substantial." For instance,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence–particularly certain types of evidence (e.g. that offered by treating physicians)–or if it really constitutes not evidence but mere conclusion.

Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ must make specific findings of fact to support his ultimate conclusions. Stewart v. Secretary of HEW, 714 F.2d 287, 290 (3d Cir. 1983).

The "substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). As such, it does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. Monsour Med. Ctr. V. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (quoting Hunter Douglas, Inc. NLRB, 804 F.2d 808, 812 (3d Cir. 1986)). "The district court . . . is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). A Court must nevertheless "review the evidence in its totality." Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (citing Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). In doing so, the Court "must 'take into account whatever in the record fairly detracts from its weight.'" Id. (quoting Willibanks v. Sec'y of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988)).

To properly review the findings of the ALJ, the court needs access to the ALJ's reasoning. Accordingly,

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977)). A court must further assess whether the ALJ, when confronted with conflicting evidence, "adequately explain[ed] in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). If the ALJ fails to properly indicate why evidence was rejected, the court is not permitted to determine whether the evidence

5

was discredited or simply ignored. See Burnett v. Comm'r of Soc. Sec, 220 F.3d 112, 121 (3d Cir. 2000) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

## III. APPLICABLE LAW

### A. THE FIVE-STEP PROCESS

A claimant's eligibility for benefits is governed by 42 U.S.C. §1382. Pursuant to the Act, a claimant is eligible for benefits if he meets the income and resource limitations of 42 U.S.C. §§ 1382a and 1382b, and demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). A person is disabled only if his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. §1382c(a)(3)(B).

To determine whether the claimant is disabled, the Commissioner performs a five-step sequential evaluation. 20 C.F.R. §416.920. The claimant bears the burden of establishing the first two requirements, namely that he (1) has not engaged in "substantial gainful activity" and (2) is afflicted with a "severe impairment" or "combination of impairments." 20 C.F.R. §404.1520(a)-(c). If a claimant fails to demonstrate either of these two requirements, DIBs are denied and the inquiry ends. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant successfully proves the first two requirements, the inquiry proceeds to step three which requires the claimant to demonstrate that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Part 404 Appendix 1 (the "Listings"). If the claimant

demonstrates that his impairment meets or equals one of the listed impairments, he is presumed to be disabled and therefore, automatically entitled to DIBs. Id. If he cannot make the required demonstration, further examination is required.

The fourth step of the analysis asks whether the claimant's residual functional capacity ("RFC") permits him to resume his previous employment. 20 C.F.R. §416.920(e). If a claimant is able to return to his previous employment, he is not disabled within the meaning of the Act and is not entitled to DIBs. Id. If the claimant is unable to return to his previous employment, the analysis proceeds to step five. At this step, the burden shifts to the Commissioner to demonstrate that the claimant can perform a job that exists in the national economy based on the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 416.920(g). If the Commissioner cannot satisfy this burden, the claimant is entitled to DIBs. Yuckert, 482 U.S. at 146 n.5.

### B. THE REQUIREMENT OF OBJECTIVE EVIDENCE

Under the Act, disability must be established by objective medical evidence. "An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. § 423(d)(5)(A). Notably, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." Id. Specifically, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

7

Id.; see 42 U.S.C. § 1382c(a)(3)(A). Credibility is a significant factor. When examining the record: "The adjudicator must evaluate the intensity, persistence and limiting effects of the [claimant's] symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work-related activities." SSR 96-7p, 1996 WL 374186 (July 2, 1996). To do this, the adjudicator must determine the credibility of the individual's statements based on consideration of the entire case record. Id. The requirement for a finding of credibility is found in 20 C.F.R. § 416.929(c)(4). A claimant's symptoms, then, may be discredited "unless medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. § 416.929(b). See also Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

## IV. **DISCUSSION**

Plaintiff contends that the ALJ's conclusions at steps four and five were not supported by substantial evidence. This Court agrees. In determining Plaintiff's RFC at step four, the ALJ completely disregarded the findings of Dr. Blumberg in two generic sentences. This was an error. While the ALJ pointed to a few improvements in Plaintiff's health, such as the fact that his stress test was normal, he did not explain why these improvements completely invalidate the opinions of Dr. Blumberg, a doctor with whom Plaintiff has had a long relationship. See 20 C.F.R. § 416.927(c)(2) ("[An ALJ must] always give good reasons in [the] notice of determination or decision for the weight [given to a] treating source's opinion."). Further, Plaintiff's own testimony is consistent with Dr. Blumberg's limited RFC finding. Defendant argues that Dr. Blumberg's findings were not consistent because his RFC findings changed each time he filled out a questionnaire. However, these questionnaires were spaced apart, with about six months between the first and second questionnaire and about nine months between the

8

second and third. Thus, the fact that the questionnaires were not consistent does not necessarily provide a basis for rejecting Dr. Blumberg's findings.

Further, this Court finds that the ALJ did not set forth adequate reasons for rejecting Plaintiff's subjective testimony. See Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."). The ALJ simply stated that "the claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above [RFC]" (Tr. at 32). However, it was improper for the ALJ to first decide on an RFC and then conclude that Plaintiff's testimony was inconsistent with that RFC. See Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012) (finding that a similar passage by an ALJ "implies that ability to work is determined first and is then used to determine the claimant's credibility" and that this "gets things backwards"); Ubiles v. Astrue, 2012 U.S. Dist. LEXIS 100826, at *37 (W.D.N.Y. 2012) (stating that "the ALJ erred . . . by measuring Plaintiff's credibility only by assessing the consistency of her statements with the ALJ's own RFC finding, instead of evaluating all of the required factors bearing on Plaintiff's credibility prior to deciding Plaintiff's RFC"). Accordingly, this matter is remanded for reconsideration of steps four and five.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is **remanded**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: January 23, 2014
Original: Clerk's Office
cc: All Counsel of Record
File

9